**SIGNED THIS: September 20, 2017**

_____
**Mary P. Gorman**
**United States Chief Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 13-71508 |
| Hassan N. Awan, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

# O P I N I O N

Before the Court is the Chapter 7 Trustee's Objection to the Debtor's Amended Claim of Exemptions and the Debtor's Motion to Withdraw Amended Schedule C in this reopened case. Because the Debtor did not seek to withdraw his Amended Schedule C with prejudice, the Motion to Withdraw will be denied. And because he did not seek an extension of time to file his Amended Schedule C or show excusable neglect for failing to file the amended schedules before the case had originally closed, the Trustee's objection will be sustained.

## I. Factual and Procedural Background

Hassan N. Awan ("Debtor") filed his voluntary Chapter 7 petition on July 31, 2013. On September 12, 2013, following the meeting with creditors, the Chapter 7 Trustee ("Trustee") filed her Report of No Distribution indicating that there was no property available for distribution to creditors. An order granting the Debtor's discharge was subsequently entered, and, on November 29, 2013, the case was closed.

On February 9, 2017, the United States Trustee filed a Motion to Reopen Case and Appoint Trustee alleging that the Debtor had a previously undisclosed claim for a personal injury. Following a hearing, the case was reopened and the Trustee was reappointed. The Trustee then filed an application to employ the attorneys that the Debtor had apparently previously retained to pursue the personal injury claim stemming from a slip and fall that occurred on December 25, 2012, and for which suit was filed in December 2014. In her application, the Trustee requested that the attorneys be employed retroactively to complete the settlement that was negotiated between the time the Debtor's Chapter 7 case was closed and the time it was reopened. The request was granted, and, on May 2, 2017, the Trustee filed her Motion to Accept Settlement and Pay Liens and Attorney Fees ("Motion to Compromise"). An order granting the Motion to Compromise was entered on May 30, 2017. After negotiating and paying several medical liens and paying attorney fees and expenses, the Trustee held more than $18,000, which she was prepared to distribute to creditors with filed claims totaling $5824.81. By the Trustee's calculation, she expected the Debtor would receive a surplus of approximately $7000 after payment of her own fees and

expenses.

On August 9, 2017, however, the Debtor filed his Amended Schedules A/B and C, formally disclosing for the first time the personal injury claim settled by the Trustee and claiming a $15,000 exemption in the settlement proceeds under Illinois law. The Trustee objected to the Debtor's amended claim of exemptions, alleging that, since reopening the case, she and the attorneys handling the personal injury claim had communicated with the Debtor's attorney and encouraged him to file an amended claim of exemption in the settlement proceeds if he intended to do so. When the Debtor did not file amended schedules, the Trustee determined that she needed to move forward with administering the asset. According to the Trustee, the Debtor's amended claim of exemption in the settlement proceeds should be disallowed because it was not filed "before the case was closed," and he has not shown excusable neglect that would justify allowing the untimely amendment. A hearing was held on the Trustee's objection on August 29, 2017, at which time the Court gave the Debtor 14 days to file a motion for an extension of time to file the amended claim of exemptions outlining in detail the circumstances of any excusable neglect that might justify such an extension. The Court also set a further hearing for October 3, 2017, to take evidence on the issue of the Debtor's excusable neglect.

The Debtor did not file a motion for an extension of time within the time prescribed by the Court. Instead, he filed his Motion to Withdraw the Amended Schedule C ("Motion to Withdraw") based on the cost and burden of traveling and attending a hearing in light of recent medical issues he was experiencing. Because the Debtor failed to file the anticipated motion, the October hearing was cancelled.

The Debtor's Motion to Withdraw was taken under advisement with the Trustee's Objection to Amended Claim of Exemptions ("Objection"). The matter is now ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Matters involving the administration of the estate and the resolution of objections to claims of exemptions are core proceedings. 28 U.S.C. §157(b)(2)(A), (B). The matters here arise directly from the Debtor's bankruptcy itself and from the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

## III. Legal Analysis

The filing of a petition under Chapter 7 of the Bankruptcy Code creates an "estate" comprised of the debtor's property. *See* 11 U.S.C. §541(a)(1). But the Code also authorizes debtors to "exempt" certain property from the estate, enabling them to retain the asset and shield it from sale or distribution to creditors. 11 U.S.C. §522(b)(1). In order to claim exemptions in property, debtors must list such property, as well as the amount of and the basis for the exemption, on their Schedule C that is required to be filed within 14 days of the filing of their bankruptcy petition. *See* Fed. R. Bankr. P. 1007(b)(1)(A), (C). And debtors may amend such schedules "as a matter of course at any time before the case is

closed." Fed. R. Bankr. P. 1009(a).

At issue here is the Debtor's claim of exemption in the settlement proceeds from a pre-petition personal injury claim under the applicable Illinois law protecting "[t]he debtor's right to receive, or property that is traceable to . . . a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent[.]" 735 ILCS 5/12-1001(h)(4). The Trustee does not dispute that the settlement proceeds fall within the scope of the cited exemption statute. Rather, her objection is based on her interpretation of the case-closure language in Federal Rule of Bankruptcy Procedure 1009(a) to mean that the Debtor cannot, as a matter of course, amend his claim of exemptions after the case was originally closed—notwithstanding the fact that the case has been reopened. In support of her position, the Trustee cites *In re Smith*, 2014 WL 7358808, at *1 (Bankr. D.N.M. Dec. 24, 2014), and asks this Court to follow the approach adopted therein.

Under facts similar to the case before this Court, the court in *Smith* was tasked with interpreting the text of Rule 1009(a) and determining whether—if at all—debtors may amend their schedules in reopened cases. *Id.* at *3. It found that the cases addressing the issue fell into one of three categories. The first group of cases cited by the court interpreted the language of Rule 1009(a) as prohibiting amendments in reopened cases. *Id.* (citations omitted). At the other end of the spectrum, a number of cases construed Rule 1009(a) as applying equally in open and reopened cases, thus allowing debtors to amend their schedules as a matter of course in reopened cases. *Id.* (citations omitted). But the *Smith* court ultimately adopted the view of courts in a third category and held that Federal Rule of

Bankruptcy Procedure 9006(b)(1) conditions a debtor's ability to amend schedules in a reopened case upon a showing that the failure to amend before case closure was due to excusable neglect. *Id.* at *3-4 (citations omitted). This Court is persuaded by the approach adopted in *Smith* and holds that Rule 9006(b)(1) governs the ability of a debtor to amend schedules in a reopened case.

Rule 1009(a) plainly provides that schedules "may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). But reopening a case does not change the fact that it has been closed, and, by the plain language of Rule 1009(a), the liberal right to amend schedules ends when a case has been closed. *See In re Bartlett*, 326 B.R. 436, 438-39 (Bankr. N.D. Ind. 2005). And while some courts have interpreted the phrase broadly, drawing no distinction between an open case and a reopened case, "[s]uch a circular interpretation would render the rule's limitation completely illusory and, therefore, meaningless." *Id.* at 439. It is, of course, true that nothing in Rule 1009 prohibits amendments to schedules in reopened cases. But the absence of any reference to such a circumstance must not be equated with some tacit approval by the legislature. "If the drafters had wanted to allow amendments [as a matter of course] 'at any time,' 'at any time the case is open,' or 'unless the case is closed,' they would have said so." *Id.* Unless this Court is to ignore the plain language of Rule 1009, the Debtor's right to amend his Schedule C as a matter of course ended when his case closed on November 29, 2013.

Having determined that Rule 1009(a) on its own does not extend the liberal right to amend schedules to reopened cases, the question is whether any other provision in the Bankruptcy Code or Rules provides a standard through which a

debtor may amend schedules in a reopened case. As several courts have pointed

out, the answer is found in Rule 9006(b)(1), which provides, in pertinent part:

> [W]hen an act is . . . allowed to be done at or within a specified
> period by these rules . . ., the court for cause shown may at
> any time in its discretion . . . on motion made after the
> expiration of the specified period permit the act to be done
> where the failure to act was the result of excusable neglect."

Fed. R. Bankr. P. 9006(b)(1). Here, the Debtor did not request an extension of time

to file his Amended Schedule C or even attempt to make a showing of excusable

neglect, despite the Court giving him an additional opportunity to do so. As such,

the Trustee's objection to the Debtor's claim of exemption in the settlement

proceeds must be sustained.

To be sure, many of the courts applying Rule 1009(a) equally in open and

reopened cases found comfort in their perceived equitable powers as a way of

curbing abusive practices, such as bad-faith or prejudicial amendments. *See, e.g.,*

*In re Goswami*, 304 B.R. 386, 393-94 (B.A.P. 9th Cir. 2003) (finding no

justification for applying Rule 9006). But to the extent such decisions relied on the

use of equitable powers to disallow exemptions as a sanction for a debtor's

misconduct, the Supreme Court's decision in *Law v. Siegel*, 134 S. Ct. 1188,

1196-97 (2014), unambiguously abrogated their ability to do so. *See also In re*

*Baker*, 791 F.3d 677, 682-83 (6th Cir. 2015) (applying *Siegel* to both open and

reopened cases). Reaffirming the long held rule that "whatever equitable powers

remain in the bankruptcy courts must and can only be exercised within the

confines of" the Bankruptcy Code, the Court in *Siegel* held that when a debtor

claims an exemption, "the court may not refuse to honor the exemption absent a

valid statutory basis for doing so." *Siegel*, 134 S. Ct. at 1194-96 (citations

omitted).

This Court's holding that a debtor's claim of exemptions filed in a reopened case may be denied as untimely absent a showing of excusable neglect does not run afoul of *Siegel*. As the Trustee points out, "an objection predicated on noncompliance with Bankruptcy Rules is analytically distinct from an objection that bad faith conduct justifies a sanction[.]" *In re Baker*, 514 B.R. 860, 864 (E.D. Mich. 2014), *aff'd*, 791 F.3d 677 (6th Cir. 2015). Rule 1009(a) clearly sets a deadline for filing amendments to schedules as a matter of course. And Rule 9006(b)—absent another Rule or Code provision to the contrary—governs the extension of deadlines specified within the Bankruptcy Rules. Finding no other Rule or Code provisions applicable, Rule 9006(b)(1) then conditions a debtor's ability to file amended schedules in reopened cases upon a showing of excusable neglect. And while the facts of a particular case—including the debtor's conduct—will necessarily impact the determination of whether excusable neglect exists, such is the consequence of applying the Rule itself rather than the exercise of any equitable powers.

The Debtor sought to avoid the result here by asking to withdraw his Amended Schedule C. Withdrawal of pleadings or documents is not a procedure provided for in the Rules, but the practice of asking to withdraw a document is not an uncommon way of removing a matter from a court's consideration. Frequently, when relief has been sought by motion but the relief is no longer needed—usually because the other party has complied with whatever was requested in the motion without the necessity of a court order—the party seeking the initial relief will ask that the request be withdrawn. This both informs the court that the moving party

no longer wishes to pursue the requested relief and avoids the entry of an order unnecessarily. But the same purpose is not served when withdrawal is sought of a document that does not, in and of itself, request any particular relief and would, in effect, remove from the court's consideration relief sought by another party. Further, parties should not be allowed to withdraw pleadings or documents without prejudice to avoid court-ordered or statutorily-imposed deadlines only to be allowed to refile the withdrawn document later with the intent of restarting a clock.

Here, the Debtor asked to withdraw his Amended Schedule C. But the document that brought the contested matter before the Court was the Trustee's Objection, which the Debtor has no right to remove from consideration by the Court. Further, the Debtor did not concede the legal issue raised by the Trustee's Objection in his Motion to Withdraw, and he did not ask that the withdrawal be with prejudice. Thus, although the Debtor may have no intention of filing another Amended Schedule C, his Motion to Withdraw was drafted in a fashion so as to leave that possibility available to him. For that reason, the Motion to Withdraw will be denied, and a final order granting the Trustee's Objection will be entered.

## IV. Conclusion

Federal Rule of Bankruptcy Procedure 1009(a) plainly provides that the liberal right to file amendments to schedules ends once a case is closed. As a result, a debtor seeking to amend schedules in a reopened case must request and establish cause for extending the time to do so under Federal Rule of Bankruptcy Procedure 9006(b)(1). Because the Debtor neither asked for an extension of time

to file his Amended Schedule C nor attempted to show excusable neglect for failing

to file the Amended Schedule C before the case had closed, the Trustee's Objection

must be sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law

pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###